UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAYMISH PATEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOOMPASS HOLDINGS, INC., ROBERT LEE, and BRIAN MORALES,<br><br>Defendants. | Civil Action No. 2:17-cv-03831-JLL-JAD<br><br>CLASS ACTION<br><br>Motion Day: September 5, 2017 |

_____

**MEMORANDUM OF LAW OF CARLOS GUILLERMO JULIAN VEGA
IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**
_____

Correy A. Kamin
Matthew M. Guiney
Kevin Cooper
**WOLF HALDENSTEIN
ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
(212) 545-4600

*Proposed Lead Counsel for the Class*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I.      INTRODUCTION ........................................................................................................ 1

II.     ARGUMENT ................................................................................................................ 1

        A.     Mr. Vega is the Presumptive Lead Plaintiff............................................................ 2

        B.     None of the Competing Movants Could Have Triggered
              the Most Adequate Plaintiff Presumption................................................................ 4

III.    CONCLUSION............................................................................................................. 5

## **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*In re Cendant Corp. Litig.,*
   264 F.3d 201 (3d Cir. 2001) ........................................................................................... 2, 3

*Lax v. First Merchants Acceptance Corp.,*
   No. 97 C 2716, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug 6, 1997) ......................................2

*Sklar v. Amarin Corp. PLC, Civ.*
   No. 13-cv-06663 (FLW)(TJB),
     2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014) ................................................ 3, 4, 5

**Rules and Statutes**

Federal Rules of Civil Procedure
   23 ........................................................................................................................1, 2, 3, 5

United States Code
   15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................5

I.  **INTRODUCTION**

Four movants sought appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") but, as of the time of this filing, one movant has withdrawn its motion for appointment as lead plaintiff and two others have filed notices of non-opposition to the appointment of movant Carlos Guillermo Julian Vega ("Vega") as lead plaintiff.  *See* Dkt. 9-11.  Accordingly, the motion of Mr. Vega for appointment as lead plaintiff and approval of selection of lead counsel (Dkt. 3) is unopposed and should be granted.

Moreover, of the four initial movants, only Mr. Vega qualified as the presumptive lead plaintiff, as he suffered the greatest financial loss on his investment in Zoompass Holdings, Inc. ("Zoompass" or the "Company") during the Class Period – nearly $140,000.  His loss is nearly $115,000 greater than the loss of Robert S. Davis ("Davis"), approximately $74,000 greater than the loss of Larry and Lanah Madewell (the "Madewells"), and more than $40,000 greater than even the loss of the group of movants with the second-largest loss, Henry C. Reusch, Cheryl D. Puccio, and Mihaita Virjoghe (collectively, the "Zoompass Investor Group").

Mr. Vega also easily satisfies the Rule 23 requirements.  As demonstrated below, Mr. Vega's claims are identical to those of all other members of the putative class.  Moreover, given the size of Mr. Vega's loss and the substantial experience of his chosen counsel, there is no doubt that Mr. Vega will adequately represent the other class members damaged by the Company's conduct.

Mr. Vega is the ideal lead plaintiff: an individual with a substantial financial interest in the resolution of the action who is represented by competent and resourceful counsel.  His motion – which is now unopposed – should be granted.

II.  **ARGUMENT**

In appointing a lead plaintiff, the PSLRA directs courts to "'adopt a presumption' that the

most adequate plaintiff is the movant that 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001) (quoting 15 U.S.C. §78u-4(a)(3)(B)(i) & (iii)(I)). "The presumption 'may be rebutted *only* upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Id*. (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)) (emphasis added). Mr. Vega is undeniably the movant with "the largest financial interest in the relief sought by the class," and cannot be found inadequate or atypical. As such, Mr. Vega is the presumptively most adequate plaintiff.

### A.   Mr. Vega is the Presumptive Lead Plaintiff

"In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status.  The process begins with identification of the movant with 'the largest financial interest in the relief sought by the class.'" *Id*. at 262 (internal citation omitted).  While the PSLRA provides no formula for courts to follow in making this assessment, the Third Circuit has agreed with the "many district courts that have held that courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Cendant*, 264 F.3d at 262 (citing *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2716, 1997 U.S. Dist. LEXIS 11866, at *18 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Here, because Mr. Vega's losses are substantially larger than the other initial movants by any measure, the method of loss calculation would not have posed a significant issue in making a decision on the motions. Applying the *Lax* criteria, for example, Mr. Vega has – by far – the

greatest financial interest in the relief sought by the class under any factor:

| Movant | # of Shares Purchased During Class Period | Net # of Shares Purchased During Class Period | Total Net Funds Expended During Class Period | Class Period Loss (LIFO) |
|---|---|---|---|---|
| **Vega** | **228,704** | **228,704** | **$649,825.70** | **$139,815.78** |
| Zoompass Investor Group | 80,115 | 62,675 | $175,137.00 | $95,233.00 |
| Madewells | 36,276 | 36,276 | $104,123.44 | $65,800.37 |
| Davis | 20,000 | 20,000 | $75,230.00 | $24,935.00 |

Once the court has identified the movant with the largest financial interest in the relief sought by the class, it should then address whether that movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure" and will "fairly and adequately protect the interests of the class." *Sklar v. Amarin Corp. PLC*, Civ. No. 13-cv-06663 (FLW)(TJB), 2014 U.S. Dist. LEXIS 103051, at *18 (D. N.J. July 29, 2014). At this stage of the litigation, "only a preliminary showing of both typicality and adequacy is necessary." *Id*. (citing *Cendant*, 264 F.3d at 263). Here, Mr. Vega has made a *prima facie* case of typicality and adequacy.

Mr. Vega easily satisfies the typicality requirement. As with every other member of the Class, Mr. Vega purchased Zoompass securities at prices artificially inflated by Defendants' materially false and misleading statements or omissions, and suffered damages as a consequence. *See Cendant*, 264 F.3d at 265 (explaining that, in assessing whether the presumptive lead plaintiff has preliminarily satisfied the typicality requirement, the court "should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" (internal citations omitted). Mr. Vega's circumstances are the same as those of all other Class members and, as such, his claims are based on the same legal and remedial theories as those of all other Class members. *See id*. In that

3

regard, Mr. Vega is identical to all other members of the Class.

As to adequacy, Mr. Vega has submitted a Certification affirming his interest in serving as lead plaintiff and evidencing his nearly $140,000 loss. *See* Dkt. No. 3-5. Mr. Vega thus plainly has the ability and financial incentive to vigorously represent the putative class. *See id*. ("In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'") (internal citations omitted). In addition to his clear financial incentive in vigorously representing the Class, Mr. Vega is not subject to any unique defenses and there is no evidence that Mr. Vega seeks anything other than the greatest recovery for the prospective class. Finally, "[b]ecause one of a lead plaintiff's most important functions is to 'select and retain' lead counsel, one of the best ways for a court to ensure that it will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel." *Id*. (internal citation omitted). Mr. Vega has selected lead counsel (Wolf Haldenstein Adler Freeman & Herz LLP) that is eminently qualified to prosecute this securities class action.

Here, no proof can or will be offered to rebut the presumption that Mr. Vega is the most adequate plaintiff pursuant to the PSLRA. Accordingly, Mr. Vega's motion should be granted.

    **B.    None of the Competing Movants Could Have Triggered the Most Adequate Plaintiff Presumption**

All of the other movants claimed substantially smaller losses than Mr. Vega and are therefore unable to trigger the lead plaintiff presumption on that basis alone. *See Sklar*, 2014 U.S. Dist. LEXIS 103051, at *18. Pursuant to the sequential process mandated by the PSLRA, the Court may only consider the motions of the other movants if the presumption in favor of Mr.

4

Vega has been rebutted. *See id*. at *16. Not only is Mr. Vega's motion is unopposed, he also has the greatest financial interest in the case and otherwise satisfies the requirements of Rule 23. Accordingly, his motion for appointment as lead plaintiff should be granted.

### III. CONCLUSION

Mr. Vega's motion for appointment as lead plaintiff is unopposed. Moreover, he is entitled to the "most adequate plaintiff" presumption based on his financial interest in the relief sought by the class, his *prima facie* showing of typicality and adequacy, and his selection of a highly qualified law firm to serve as lead counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Accordingly, Mr. Vega respectfully requests that his motion for appointment as lead plaintiff and approval of selection of lead counsel be granted.

DATED: August 22, 2017				Respectfully submitted,

          **WOLF HALDENSTEIN**
           **ADLER FREEMAN & HERZ LLP**

By:  /s/ *Correy A. Kamin*
     Correy A. Kamin
     Matthew M. Guiney (*pro hac vice* pending)
     Kevin Cooper
     270 Madison Avenue
     New York, NY 10016
     Tel: (212) 545-4600
     Fax: (212) 686-0114
     kamin@whafh.com
     guiney@whafh.com
     kcooper@whafh.com

     *Counsel for Movant and*
     *Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on August 22, 2017, I electronically filed the foregoing and all related documents with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                  /s/ *Correy A. Kamin*
                                  Correy A. Kamin

/794807