**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATEL ET AL.<br><br>    Plaintiff,<br><br>v.<br><br>ZOOMPASS HOLDINGS INC.,<br><br>    Defendants. | Civil Action No.: 17-3831 (JLL)<br><br>**OPINION** |

IT APPEARING THAT:

1. Currently pending before the court are three motions to appoint lead plaintiff and lead counsel made pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2. On July 31, 2017, Plaintiff Carlos Guillermo Julian Vega ("Vega") moved to have himself appointed lead plaintiff and his attorneys at the law firm of Wolf Haldenstein Adler Freeman & Hertz ("Wolf Haldenstein") appointed as lead counsel. (ECF No. 3). On the same date, Plaintiff Robert Davis ("Davis") moved to be appointed lead plaintiff and his attorneys at the law firm of Glancy Prongay & Murray LLP appointed as lead counsel with Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as liaison counsel. (ECF No. 4). Additionally, at that time Henry C. Reusch, Cheryl D. Puccio, Mihaita Virjoghe collectively as the Zoompass Investor Group ("Zoompass Investor Group") moved to be appointed lead plaintiffs and have their attorneys at the law firm of Pomerantz and Rosen as co-lead counsel and Lite DePalma as liaison counsel. (ECF No. 6).

3. Under the PSLRA, this Court shall appoint the class member who is most capable of adequately representing the interests of class members as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). In order to determine the "most adequate" plaintiff, this Court must consider two questions: (i) which plaintiff has the largest financial interest in the relief sought by the class and (ii) which plaintiff otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

4. As for the first question, courts should consider (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs. *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citing *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2716, 1997 U.S. Dist. LEXIS 11866, at *18 (N.D. Ill. Aug. 6, 1997)). The most critical among these factors is the approximate loss suffered. *See, e.g., In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

5. For the second question, Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Generally, only typicality of claims and adequacy of representation are relevant for the determination of lead plaintiff under the PSLRA. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49

(S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)).

6. As for the determination of lead counsel, the PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the plaintiff's choice unless the Court finds it necessary to protect the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

7. All Plaintiffs here have the same claims and otherwise meet the requirements of Rule 23, and so the second question is not in dispute for any of the three motions. (ECF Nos. 3 at 6–8 (arguing plaintiff meets requirements of Rule 23); 4 at 5–6 (same); 6 at 5–8 (same)). Therefore, the determination of lead plaintiff turns on which of the three Plaintiffs has the largest financial interest.

8. The Court finds, out of the three motions, Plaintiff Vega has alleged the largest financial interest under any factor, but most notably his approximate loss is $139,815 in comparison to Davis's loss of $24,935 and the Zoompass Investor Group's loss of $95,233. (ECF No. 13 at 2). Therefore, Plaintiff Vega is the most adequate lead plaintiff.

9. Furthermore, Plaintiff Vega has provided ample indication that Wolf Haldenstein has the experience to serve as lead counsel. (ECF No. 3 at 8–9, 3–4). Therefore, the Court approves Wolf Haldenstein as lead counsel. For these reasons,

IT IS THEREFORE on this 20th day of September, 2017,

ORDERED that Plaintiff Carlos Guillermo Julian Vega's motion to be appointed lead plaintiff (ECF No. 3) is hereby GRANTED; and it is further

ORDERED that Plaintiff Carlos Guillermo Julian Vega's motion to grant Wolf Haldenstein Adler Freeman & Hertz as lead counsel (ECF No. 3) is hereby GRANTED; and it is further

ORDERED that Plaintiff Robert Davis's motion to be appointed lead plaintiff and to appoint lead counsel (ECF No. 4) is hereby DENIED; and it is further

ORDERED that Plaintiffs Zoompass Investor Group's motion to be appointed lead plaintiffs and to appoint lead counsel (ECF No. 6) is hereby DENIED.

**SO ORDERED.**

JOSE L. LINARES
Chief Judge, United States District Court